MONTIEL, Judge.
The appellant, James R. Hobbs, was convicted in Madison County District Court of setting “a fire within or near a forest, woodland or grassland” and with “leavpng] such fire before it was totally extinguished,” in violation of § 9 — 13—11(b)(4), Code of Alabama 1975, as charged in the complaint and warrant. The appellant appealed to Madison Circuit Court, where he was again adjudged guilty. The appellant was fined $100.
The State and the appellant agreed to a stipulated set of facts, which was accepted by the trial court. The facts indicate that the appellant obtained a valid burn permit and started a grass fire on his farm for cultivation purposes. After the fire had burned for awhile, the appellant left the fire unattended for 30 minutes. The fire remained confined to his land and did not escape his property.
The appellant contends that the trial court erred in finding him guilty of a violation of § 9-13-11(b)(4), Code of Alabama 1975, because that Code section is inapplicable to him. The appellant argues that his actions should be governed by § 9-13-11(c), Code of Alabama 1975, because the fire anticipated by the burn permit never *1135 escaped to the land of another, as required by § 9-13-ll(c). More simply, the appellant argues that subsection (b)(4), the violation of which he was convicted, applies only to unauthorized burning, while subsection (c)(1), under which he was operating, applies to authorized burning. The appellant contends that under subsection (c), one cannot be guilty of a misdemeanor unless the fire escapes to the land of another. He claims that because his fire remained confined to his own land, he cannot be found guilty of violating the statute.
This is a case of first impression in this state, and it involves the construction of § 9-13-11, Code of Alabama 1975. The complaint and warrant issued by the State of Alabama Forestry Commission charged the appellant with violation of subsection (b)(4) of this statute. Section (b)(4) states:
“(b) It shall be a Class B misdemeanor for any person, firm, association or corporation:
[[Image here]]
“(4) Who shall set a fire within or near any forest, woodland or grassland without clearing the ground immediately around it free from material which will carry fire, or shall leave such fire before it is totally extinguished or start a fire in any forest, woodland or grassland by throwing away a lighted cigar, cigarette, match or by the use of firearms or in any other manner and leave the same unex-tinguished.”
The appellant contends, however, that this subsection is inapplicable to him. He argues that because he obtained a valid bum permit, his actions should be governed by the subsection that directly addresses burn permits, i.e. subsection (c). Subsection (c) states:
“(c)(1) Burning permits may be obtained from the district operations center when the center is in active operation. The following criteria must be met:
“a. The person requesting the permit must have adequate tools, equipment and manpower to stay with and control the fire during the entire burning period.
“b. The person requesting the permit is responsible to keep the fire confined.
“c. In no case will the person requesting the permit allow the fire to be unattended until it is dead out.
“(2) Burning permits will be issued if the individual requesting the permit states that the above criteria will be met unless the state forester shall declare a fire alert. Under fire alert conditions the state forester may allow issuance of permits at his discretion, taking into account the number of fires burning in the district, current and projected weather conditions, the ability of the person seeking the permit to contain the fire and that individual’s knowledge of fire behavior and other factors which may affect fires and fire behavior. A fire alert will be issued by the state forester for any district or portion of a district that in the opinion of the state forester, has existing conditions which produce extraordinary danger from fire.
“(3) If subsequent to issuance of a permit a lawfully authorized fire escapes to the lands of another and an investigation reveals that the permit holder did not meet all the criteria as set forth above, the fire will be treated as if no legal authorization had been obtained.
“(4) A burning permit once issued may be revoked if the person requesting the permit fails to comply with proper burning procedures or if weather conditions develop which may result in erratic fire behavior.” (Emphasis added.)
Although the statute is not entirely clear, it is certain that subsection (c) addresses those individuals who obtain valid burn permits. If a permit holder allows his fire to escape to the property of another, and if the permit holder failed to meet all of the criteria of subsection (c), then it will be treated as though no legal authorization for the burning was granted. Thus, the permit holder’s activities would be treated as a misdemeanor, falling, in this case, under subsection (b). This would mean, as the appellant contends, that subsection (b)(4) applies to unauthorized fires. We *1136 agree. In this case, the appellant obtained a burn permit. The fire he set on his own farm was authorized by the Alabama State Forestry Commission. Under subsection (c), the appellant could only commit a misdemeanor if his lawfully authorized fire escaped to the lands of another and if an investigation revealed that the appellant had failed to meet all the criteria as set forth in subsection (c) which include leaving a fire. If those two events had happened, the appellant’s fire would be treated as an unauthorized fire and subsection (b) would be applicable. Those events did not happen, however, and the appellant cannot be made to suffer the consequences of an unattended unauthorized fire under subsection (b)(4), because the appellant was conducting an authorized burning under subsection (c). Furthermore, he did not violate subsection (c) because the fire did not escape to the land of another. Any other construction of this statute would render useless the need to acquire a burn permit.
This court’s construction of § 9-13-11, Code of Alabama 1975, is not meant to encourage unregulated burning on private property in this state. It is in the best interest of the public that burning, when on private property, should be closely attended. We believe subsection (c)(1) substantiates this concern. It states, “In no case will the person requesting the permit allow the fire to be unattended until it is dead out.” However, we cannot give meaning to a statute that the legislature obviously did not give. If the legislature wishes to pass a statute making it a misdemeanor to leave a fire unattended, even when a permit has been issued, then it may do so. We construe subsection (b)(4), the subsection the appellant was convicted of violating, to address only unauthorized fires. The fire set by the appellant in this case was authorized by a valid bum permit. Furthermore, the appellant's fire remained confined within the boundaries of his own property. The appellant cannot be convicted under § 9-13-11(b)(4), Code of Alabama 1975.
The trial court erred in convicting the appellant under § 9-13-ll(b)(4), Code of Alabama 1975. The judgment of the Madison Circuit Court is reversed and a judgment rendered for the appellant.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur.